IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HECTOR FLORES                                                                                        PETITIONER
REG. #45506-080

V.                                              NO.  2:08cv00108 JWC

T.C. OUTLAW, Warden,                                                                       RESPONDENT
FCI, Forrest City, AR

## MEMORANDUM OPINION AND ORDER

Hector Flores, an inmate formerly in the Federal Correctional Institution in Forrest City, Arkansas,[1] brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (doc. 2). Respondent filed a motion to dismiss (doc. 6), to which Petitioner responded (doc. 9).  For the reasons that follow, the motion to dismiss will be **granted**.[2]

I.

The procedural history is undisputed.  Following entry of a guilty plea in April 2006 in the United States District Court for the Western District of Texas (Pecos), Petitioner was convicted of federal charges of conspiring to possess a controlled substance with intent to distribute, and he was sentenced to 180 months of imprisonment, followed by eight years of supervised release.  *United States v. Flores, et al.*, No. 4:03-cr-00097-RAJ-3 (W.D. Tex.) (docs. 6-3, 6-2 [#278-#286]).  Judgment was entered on July 28, 2006 (doc.

---

[1]Petitioner asserts that he is now incarcerated in the Medical Center for Federal Prisoners in Springfield, Missouri (*see* doc. 13), which the Bureau of Prisons website confirms (www.bop.gov).  The Clerk of the Court is directed to note his change of address.

[2]The parties have consented to the jurisdiction of the Magistrate Judge (doc. 10).

6-3). The docket sheet from his criminal case does not reflect an appeal or the filing of any post-judgment motions under 28 U.S.C. § 2255 or any other provision (doc. 6-2).

In this § 2241 petition, Petitioner alleges that he is being illegally detained because he was arrested on federal charges on a street that belongs to the State of Texas, not the federal government, citing *Adams v. United States*, 319 U.S. 312 (1943). He says the State of Texas did not waive jurisdiction regarding the street to any federal agency, as required by 40 U.S.C. § 3112. Respondent argues that, because Petitioner's claims relate to his conviction, they are not properly brought in a § 2241 petition. Respondent further contends that the claims are without merit.

II.

At the time of filing, Petitioner was incarcerated in this judicial district, and he has recently been transferred to the Medical Center for Federal Prisoners in Springfield, Missouri (*see* doc. 13). Neither is the district where his federal conviction and sentence arose. Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence). Because a § 2255 motion attacks the *validity* of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the *execution* of a sentence,

or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Cain v. Petrovsky*, 798 F.2d 1194, 1196 n.3 (8th Cir. 1986).

Accordingly, any claims challenging the validity of Petitioner's federal conviction or sentence should have been directed to the Texas district court which convicted and sentenced him or to the appropriate Court of Appeals (in his case, the Fifth Circuit). As stated, Petitioner did not seek a direct appeal of his conviction or sentence or any post-conviction relief. Any § 2255 motion filed now would be untimely. *See* § 2255 ¶ 6 (federal defendant generally has one year from "the date on which [his] judgment of conviction becomes final" to file a § 2255 motion). Instead, Petitioner sought recourse through this separately filed § 2241 petition in the district of incarceration.

A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255 ¶ 5. A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959. This is a "narrowly-circumscribed 'safety valve.'" *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002). The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. *Abdullah*, 392 F.3d at 959. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was

previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion, or because a § 2255 petition is time-barred. *Id.*

Moreover, a federal prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003) (§ 2255 remedy not inadequate where petitioner could have raised claim in first or second § 2255 motion); *Perez,* 286 F.3d at 1063 (§ 2241 argument waived if not raised in sentencing court in first instance); *United States v. Lurie*, 207 F.3d 1075, 1077-78 (8th Cir. 2000) (dismissing § 2241 claims which "could have been maintained in a timely § 2255 motion or on direct appeal"). Where a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F.3d at 963. There is no evidence that Petitioner took advantage of the opportunity to raise these particular claims in his federal plea or sentencing proceedings, in a direct appeal, or in a timely § 2255 motion.

Petitioner has not demonstrated that the § 2255 remedy is ineffective or inadequate to test the legality of his detention; therefore, neither this Court, nor the District Court in the district where he is now incarcerated, has subject matter jurisdiction to consider his claims. *See Abdullah*, 392 F.3d at 964.

III.

Accordingly, Respondent's motion to dismiss (doc. 6) is **granted**, thereby denying this 28 U.S.C. § 2241 petition for writ of habeas corpus and dismissing this case in its entirety without prejudice.  Petitioner's motion to transfer the petition to his current district of incarceration (doc. 13) is also **denied**.

IT IS SO ORDERED this 6th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE